IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA
formerly known as DENNIS E. JONES-EL,

              Plaintiff,

   v.

CRAIG TOM, SARA MASON,
GARY BOUGHTON, WILLIAM POLLARD
and PETER ERICKSEN,

              Defendants.

ORDER

13-cv-547-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case was severed from a larger case in which pro se prisoner Mustafa-El K.A. Ajala brought many claims about his conditions of confinement at the Wisconsin Secure Program Facility in Boscobel, Wisconsin. Ajala v. Tom, No. 13-cv-102-bbc (W.D. Wis.). In this case, plaintiff alleges that he was housed in the Alpha unit of the prison from February 2007 to July 2007 and that the conditions of the cells in that unit are so bad that they violate the Constitution. Plaintiff has made an initial partial payment of the filing fee, so his complaint is ready for screening under 28 U.S.C. § 1915A.

      Although plaintiff's original complaint was nearly 40 pages long, he devotes only one lengthy paragraph to this claim:

> From 2-10-07 to 7-31-07, 171 days, defendants Mason, Tom, Huibregtse and Boughton, at the direction of defendants Pollard and Ericksen . . . had Ajalla kept on WSPF's most restrictive Alpha Unit amongst insane prisoners who

were suffering mental breakdowns, depriving Ajala of sleep all night, had a camera placed in his cell, had staff harass him, deprived him of prescription eye-glasses and diminished his ability to see, deprived him of his property and mail, the ability to call his family and friends by removing their phone nos. from his visiting list, and tormented him to such a degree . . . that it caused Ajala to suffer anxiety attacks that felt like heart attacks, had him diagnosed and treated for anxiety disorders, treated psychologically and prescribed psychotropic medication (to help him sleep) and also develop high blood pressure right on alpha unit, which he still has to this day and has to be medicated for, although prior to the alpha unit ordeal (just a few weeks before) his blood pressure was checked (at GBCI prior to segregation) and was ideal as it had been all his life.

Cpt. ¶ 113, dkt. #2.

From this paragraph, it is possible to infer that plaintiff means to raise the following claims:

- he was deprived of sleep, in violation of the Eighth Amendment;

- he was subjected to video monitoring in his cell, in violation of the Eighth Amendment;

- he was deprived of his eyeglasses, in violation of the Eighth Amendment;

- he was deprived of his "property," in violation of the due process clause;

- he was deprived of his mail, in violation of the First Amendment;

- he was deprived of contact with his family and friends, in violation of his right of intimate association;

- he was "harassed" and "tormented" to the point that he suffered from anxiety attacks and high blood pressure, in violation of the Eighth Amendment.

The problem with each of these claims is that plaintiff's allegations are so vague that he has failed to provide "a short and plain statement of the claim showing that [he] is entitled to relief," as required by Fed. R . Civ. P. 8.  This means that plaintiff must do

something more than "put[ ] a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010). Rather, he must provide sufficient detail "to present a story that holds together." Id. at 404.

A problem common to all of plaintiff's claims is that he does not explain how each defendant was involved in a particular alleged violation. "Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed. That is true even for allegations of conspiracy." Bank of America, N.A. v. Knight, 725 F.3d 815, 818 (7th Cir. 2013). See also Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008) (plaintiffs may not rely on "[v]ague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct"). Thus, if plaintiff wants to proceed against any particular defendant, he will have to file an amended complaint in which he identifies the particular conduct of that defendant that violated his rights.

With respect to his substantive allegations, plaintiff does not include enough information to determine whether he states a claim that is plausible on its face. Engel v. Buchan, 710 F.3d 698, 709 (7th Cir. 2013). For example, he does not explain how often he was deprived of sleep during the months he was in the Alpha unit and what effects any lack of sleep had on him; the reason he was subjected to video monitoring; how long he was deprived of his eyeglasses and what effects that deprivation had on his health or his ability to carry out his daily activities; what property was taken from him and why; what mail was

3

taken from him and why; which friends and family members plaintiff was unable to talk to over the telephone, why he was unable to talk to them, how long the limitations lasted and whether he was allowed to have other types of contact with these individuals; what specific "harassment" or "torment" contributed to plaintiff's high blood pressure and anxiety attacks, whether plaintiff complained to any of the defendants about the harassment and, if so, how that defendant responded.

I will give plaintiff an opportunity to file an amended complaint that addresses these problems. If he is unable to fix the problems or does not respond to this order, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted and assess a "strike" under 28 U.S.C. § 1915(g). Paul v. Marberry, 658 F.3d 702, 704-06 (7th Cir. 2011) (court should give strike for failure to correct pleading that violates Rule 8).

ORDER

IT IS ORDERED that plaintiff Mustafa-El K.A. Ajala may have until December 2, 2013, to file an amended complaint that addresses the concerns identified in this order. If plaintiff does not respond by that date, I will dismiss the case for plaintiff's failure to state

a claim upon which relief may be granted and assess a strike under 28 U.S.C. § 1915(g).

Entered this 13th day of November, 2013.

                                                                     BY THE COURT:
                                                                       /s/
                                                                       BARBARA B. CRABB
                                                                       District Judge