IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA
formerly known as DENNIS E. JONES-EL,

                                                            OPINION and ORDER

                Plaintiff,

                                                            13-cv-547-bbc

     v.

CRAIG TOM, SARA MASON,
GARY BOUGHTON, WILLIAM POLLARD
and PETER ERICKSEN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case was severed from a larger case in which pro se prisoner Mustafa-El K.A. Ajala brought many claims about his conditions of confinement at the Wisconsin Secure Program Facility in Boscobel, Wisconsin. Ajala v. Tom, No. 13-cv-102-bbc (W.D. Wis.). Plaintiff has filed a proposed amended complaint in response to the court's November 13, 2013 order, dkt. #4, dismissing his claims for his failure to comply with Fed. R. Civ. P. 8. In his proposed amended complaint, plaintiff seems to have abandoned some of his claims while adding others (and adding new defendants William Swiekatowski and Matthew Scullion), but all of the claims still relate to his treatment when he was transferred from the Green Bay Correctional Institution to segregation in the Wisconsin Secure Program Facility, where he remained for five months.

      I understand plaintiff to be raising the following claims, which he summarizes in

1

paragraph 22 of his proposed amended complaint:

- defendants Peter Ericksen and William Swiekatowski confiscated much of plaintiff's personal property when he was transferred to the Boscobel prison and later destroyed some of it, in violate of the due process clause;

- defendants Swiekatowski and Ericksen deprived him of prescription eyeglasses from February 10, 2007, to April 4, 2007, in violation of the Eighth Amendment;

- defendants Peter Huibregtse, Gary Boughton, Sara Mason and Craig Tom housed him in the same unit as seriously mentally ill prisoners, in violation of the Eighth Amendment;

- plaintiff's conditions of confinement caused him sleep deprivation, anxiety attacks and high blood pressure, in violation of the Eighth Amendment;

- defendants Huibregtse, Boughton, Mason, Ericksen and William Pollard retained him in segregation "to punish [him] for challenging [his] conditions of confinement," in violation of the First Amendment.

Having screened plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I conclude that plaintiff may proceed on his claim that defendants Swiekatowski and Ericksen deprived him of prescription eyeglasses. However, I am dismissing his remaining claims for his failure to state a claim upon which relief may be granted.

OPINION

A. Property

I understand plaintiff to contend that defendants violated his right to due process when they confiscated and destroyed some of his property. Because plaintiff does not allege that defendants acted in accordance with prison policy, his claim is governed by Hudson v. Palmer, 468 U.S. 517 (1984), in which the Supreme Court held that a "random and

2

unauthorized" deprivation of property is not a violation of due process, even if the deprivation is intentional, so long as the state provides the prisoner a meaningful post-deprivation remedy, such as a state law cause of action for damages. See also Nance v. Vieregge, 147 F.3d 589, 591 (7th Cir. 1998) ("[T]he opportunity to recover damages for a rogue guard's wrongful conduct supplies all of the process that is due—whether the deprivation was negligent or intentional.") (citations omitted).

The state of Wisconsin provides post deprivation procedures for challenging the alleged wrongful taking and destruction of property. Wis. Stat. ch. 893 contains provisions concerning tort actions to recover damages for wrongfully taken or detained personal property and for the recovery of the property. Because post deprivation procedures were available to plaintiff in state court, he cannot contend that the state deprived him of due process by taking his property. Accordingly, plaintiff's due process claim must be dismissed for his failure to state a claim upon which relief may be granted.

B. Eyeglasses

Plaintiff says that William Swiekatowski (a lieutenant at the Green Bay Correctional Institution) and defendant Peter Ericksen (the security director at the Green Bay prison) confiscated plaintiff's glasses and kept them for approximately two months. Am. Cpt. ¶ 16, dkt. #7. Although the Court of Appeals for the Seventh Circuit has not considered the extent to which a deprivation of eyeglasses may violate the Eighth Amendment, I have concluded in previous cases that the same standard applies to treatment for vision problems

that applies to any other medical problem, which is whether the defendants knew that the plaintiff had a serious medical need but consciously refused to take reasonable measures to provide treatment. Romanelli v. Suliene, 3:07-00019-BBC, 2008 WL 4587110 (W.D. Wis. Jan. 10, 2008); Franklin v. McCaughtry, 02-C-618-C, 2004 WL 221982 (W.D. Wis. Feb. 3, 2004). See also Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir. 1996); Mitchell v. Maynard, 80 F.3d 1433 (10th Cir. 1996); Kemppainen v. Aransas County Detention Center, CA C-08-194, 2010 WL 4918958 (S.D. Tex. Nov. 23, 2010); Harris v. O'Grady, 803 F. Supp. 1361, 1366 (N.D. Ill. 1992); Williams v. ICC Committee, 812 F. Supp. 1029 (N.D. Cal. 1992).

Because plaintiff alleges that he was unable to see without his prescription eyeglasses, I will infer at this stage that he had a serious medical need. In addition, plaintiff does not identify a legitimate reason for defendants' decision to take his glasses or refusal to replace them for two months, so I will infer that they consciously refused to take reasonable measures to help plaintiff.

At summary judgment or trial, plaintiff will have to come forward with specific evidence on each element of his claims. He may prove that he had a serious medical need with evidence that going without eyeglasses "significantly affects [his] daily activities," Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir.1997), causes him pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir.1996), or otherwise subjects him to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994). With respect to the other elements, it will not be enough for plaintiff to show that defendants were negligent in failing to return

his glasses. If defendants confiscated plaintiff's glasses for security reasons, he will have to show that defendants had a reasonable alternative to accomplish their legitimate security goals without depriving him of his eyeglasses. Alternatively, if plaintiff's glasses were lost or broken accidentally, he will have to show that defendants knew about reasonable measures they could have taken to obtain a replacement more quickly.

### C. Housing with Seriously Mentally Ill Prisoners

Plaintiff cites Jones-El v. Berge, 164 F. Supp. 2d 1096 (W.D. Wis. 2001), for the proposition that the Eighth Amendment prohibited defendants from housing seriously mentally ill prisoners at the Wisconsin Secure Program Facility in 2007. I do not understand plaintiff to be alleging that *he* was seriously mentally ill; rather, he says that defendants violated the Eighth Amendment by housing him *with* seriously mentally ill prisoners. Am. Cpt. ¶ 22, dkt. #7 (defendants violated plaintiff's "8th Amendment rights not to be housed with seriously mental ill").

This claim is frivolous. There is no general right under the Eighth Amendment for nonseriously mentally ill prisoners to be housed separately from mentally ill prisoners. (Plaintiff alleges that the mentally ill prisoners deprived him of sleep, but that is a separate claim that I will consider below.) Even if I assume that defendants were housing seriously mentally prisoners at the facility in 2007, Jones-El would support a view that doing so violated the rights of the *seriously mentally ill prisoners,* not the rights of other prisoners housed near them. Because plaintiff does not have standing to assert the rights of any prisoner but

5

himself, Kowalski v. Tesmer, 543 U.S. 125, 129 (2004), he cannot prevail on this claim.

### D. Effects of Conditions of Confinement on Plaintiff's Health

Plaintiff alleges that the conditions of his confinement in segregation at the Wisconsin Secure Program Facility "deprived him of sleep, caused anxiety attacks and disorder and high blood pressure." Am. Cpt. ¶ 22, dkt. #7. With respect to sleep deprivation, plaintiff alleges first that, on the night he arrived at the facility, an officer named Matthew Scullion kicked plaintiff's cell door repeatedly and verbally harassed him throughout the night. If these allegations are true, they support a view that Scullion's actions were mean spirited and childish, but one night of lost sleep does not state a claim upon which relief may be granted under the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim.").

Next, plaintiff alleges that the noise and disruptions caused by the mentally ill prisoners in his unit caused him to lose so much sleep that he "beg[a]n to have anxiety attacks that felt like [a] heart attack, was diagnosed with an anxiety disorder, had to receive medication for sleep, and developed high blood pressure." Am. Cpt. ¶ 17, dkt. #7. Even if I assume that plaintiff's allegations are sufficient to show a causal connections between his conditions of confinement and the harm he suffered, that is only part of a claim under the Eighth Amendment. A prisoner must show not only that his conditions were severe, but also that the defendants *knew* of a substantial risk that the conditions were harming the prisoner.

Scarver v. Litscher, 434 F.3d 972, 975-76 (in case involving claim that segregation exacerbated plaintiff's mental illness, requiring plaintiff to show that defendants knew of connection between conditions and plaintiff's mental health). Because plaintiff does not allege that he or anyone else informed any of the defendants about the alleged effect of the conditions on his health while he was subjected to those conditions in 2007, I must dismiss this claim as well.

### E. Retaliation

Finally, plaintiff alleges that defendants William Pollard (the warden of the Green Bay Correctional Institution), Peter Huibregtse (the warden of the Wisconsin Secure Program Facility), Gary Boughton (the security director of the Wisconsin Secure Program Facility) and Sara Mason (the unit manager) kept him in segregation at the Wisconsin Secure Program Facility to "punish [him] for challenging GBCI/DOC conditions of confinement." Am. Cpt. ¶ 19, dkt. #7.

Prison officials may not retaliate against a prisoner for exercising a constitutional right, Pearson v. Welborn, 471 F.3d 732, 738 (7th Cir. 2006), which includes the right to complain about prison conditions. Watkins v. Kasper, 599 F.3d 791, 795-96 (7th Cir. 2010). However, to state a claim for retaliation a prisoner must identify the conduct that is protected by the Constitution. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004); Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002); Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). In this case, plaintiff does not point to any particular

complaint or complaints that prompted the alleged retaliation.

Further, a complaint must contain allegations that "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's retaliation claim does not meet this standard because he does not allege that any prison officials at the Wisconsin Secure Program Facility even knew about any complaints he made at the Green Bay prison or, if they did know, why they would care about complaints plaintiff made about conditions at another prison. With respect to defendant Pollard, plaintiff does not explain how a warden of the Green Bay prison would have any authority to control a prisoner's placement at the Boscobel prison. Accordingly, I am dismissing this claim for plaintiff's failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that

1. Plaintiff Mustafa-El K.A. Ajala, formerly known as Dennis Jones-El, is GRANTED leave to proceed on his claim that defendants William Swiekatowski and Peter Ericksen deprived plaintiff of his eyeglasses for approximately two months in 2007, in violation of the Eighth Amendment.

2. Plaintiff's remaining claims are DISMISSED for plaintiff's failure to state a claim upon which relief may be granted. Plaintiff's amended complaint is DISMISSED as to defendants William Pollard, Peter Huibregtse, Gary Boughton, Sara Mason, Craig Tom and Matthew Scullion.

3. For the time being, plaintiff must send defendants a copy of every paper or document that he files with the court. Once plaintiff learns the name of the lawyer who will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard documents plaintiff submits that do not show on the court's copy that he has sent a copy to defendants or to defendants' attorney.

4. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

5. Plaintiff is obligated to pay the unpaid balance of their filing fees in monthly payments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the warden informing him of the obligation under Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust fund accounts until the filing fee has been paid in full.

6. Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on defendants. Plaintiff should not attempt to serve defendants on his own at this time. Under the agreement, the Department of Justice will have 40 days from the date of the Notice of Electronic Filing of this order to answer or

otherwise plead to plaintiff's complaint if it accepts service for defendants.

Entered this 18th day of December, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge