IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA
formerly known as DENNIS E. JONES-EL,

             OPINION and ORDER

      Plaintiff,

             13-cv-547-bbc

    v.

WILLIAM SWIEKATOWSKI and PETER ERICKSEN,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In 2007, pro se prisoner Mustafa-El K.A. Ajala, formerly known as Dennis Jones-El, was confined at the Green Bay Correctional Institution in Green Bay, Wisconsin. In February 2007, defendant William Swiekatowski, a supervising officer at the prison, suspected that plaintiff was involved in planning "a full scale disturbance" in the prison, so he placed plaintiff in temporary lock up (a type of segregated status) pending an investigation. Dfts.' PFOF ¶¶ 9-12, dkt. #34. As a result, all of plaintiff's personal property was confiscated, including his prescription eyeglasses.

      Plaintiff is proceeding on a claim that defendants William Swiekatowski and Peter Erickesen (the prison's security director) violated his Eighth Amendment rights by depriving him of his prescription eyeglasses for a two-month period between February and April 2007. Defendants have filed a motion for summary judgment, dkt. #18, which is ready for review. Because I conclude that there are genuine disputes of material fact on the issues defendants

1

raised, I am denying defendants' motion. Fed. R. Civ. P. 56(a).

OPINION

In the order screening plaintiff's complaint, I concluded that the Eighth Amendment governed plaintiff's claim regarding the denial of his eyeglasses and that the standard of review is the same standard that applies to the denial of medical care in prison, which is whether the defendants knew that the plaintiff had a serious medical need but consciously refused to take reasonable measures to provide treatment. Romanelli v. Suliene, 07-cv-19-bbc, 2008 WL 4587110 (W.D. Wis. Jan. 10, 2008); Franklin v. McCaughtry, 02-cv-618-bbc, 2004 WL 221982 (W.D. Wis. Feb. 3, 2004). See also Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir. 1996); Mitchell v. Maynard, 80 F.3d 1433 (10th Cir. 1996); Kemppainen v. Aransas County Detention Center, CA C-08-194, 2010 WL 4918958 (S.D. Tex. Nov. 23, 2010); Harris v. O'Grady, 803 F. Supp. 1361, 1366 (N.D. Ill. 1992); Williams v. ICC Committee, 812 F. Supp. 1029 (N.D. Cal. 1992). Neither plaintiff nor defendants challenge that conclusion, so it is unnecessary to reconsider that issue now.

In their summary judgment materials, defendants do not deny that plaintiff had a prescription for his eyeglasses; that he was deprived of his glasses for two months; that he suffered from various problems as a result of the deprivation, such as blurred vision, headaches and dizziness; that plaintiff's symptoms were sufficiently serious to trigger the protections of the Eighth Amendment; and that prison officials had no legitimate security need for keeping the glasses as long as they did. Accordingly, I have not considered any of

those issues in this opinion. Cloe v. City of Indianapolis, 712 F.3d 1171, 1182 (7th Cir. 2013) ("As a general matter, if the moving party does not raise an issue in support of its motion for summary judgment, the nonmoving party is not required to present evidence on that point, and the district court should not rely on that ground in its decision.").

Instead, defendants raise four arguments in their opening summary judgment brief, none of which are developed: (1) defendant Ericksen was not personally involved in any decisions regarding plaintiff's eyeglasses; (2) "plaintiff did not have a serious medical need because he did not even make the defendants aware of his need for his glasses," Dfts.' Br., dkt. #19, at 8; (3) because defendants were not aware that plaintiff needed his glasses, defendants could not have consciously refused to help him; and (4) defendants are entitled to qualified immunity.

Although defendants' first three arguments are phrased differently, they all raise the same issue, which is whether both defendants knew that plaintiff needed his glasses and refused to take reasonable steps to help him. The crux of this argument is in defendants' proposed findings of fact nos. 45 and 46, in which defendants state that they "were not aware that Ajala had a complaint of missing his prescription glasses" and that "Ajala made no complaint to Defendants that he was missing his prescription glasses." Dkt. #34.

In response, plaintiff cites his own declaration, in which he avers that he told both defendants multiple times between February and April 2007 that his glasses had been confiscated, that he wanted them returned and that he was experiencing various medical symptoms and limitations in his daily activities without them. E.g., Plt.'s Decl. ¶ 5, dkt. #30

(in conversation on February 5, 2007, plaintiff told defendant Swiekatowski that his prescription glasses had not been returned to him and he needed them); id. at ¶ 6 (in conversation on February 6, 2007, plaintiff told defendant Ericksen that he did not have his prescription glasses); id. at 7 (in conversation on February 8, 2007, plaintiff told Swiekatowski that he needed his glasses because his vision was blurred and he "couldn't even see the clock to tell the time of day" without them); id. at 8 (in conversation on February 9, 2007, plaintiff told Swiekatowski that he still needed his glasses); id. at 10 (in conversation on February 19, 2007, plaintiff told Swiekatowski that he still needed his glasses and that he had blurred vision and dizziness without them). According to plaintiff, defendants gave him inconsistent answers when he asked them for help, sometimes telling him that his glasses would be returned to him the next day and other times telling him that he would have to wait until they finished their investigation. E.g., id. at ¶¶ 5-7.

In addition, plaintiff includes copies of the letters that he says he sent defendants on February 26, 2007. Id. at exhs. 2 and 3. In both of these letters, plaintiff complained about not having his glasses and about the problems he was experiencing without them. He says that defendants did not respond to his letters.

In their reply, defendants do not argue that plaintiff's testimony is inadmissible for any reason, that they did not have the authority or responsibility to help plaintiff or that any investigation they were conducting prevented them from helping plaintiff. In fact, they admit that they could have asked property staff to retrieve the glasses at any time. Dfts.' PFOF ¶¶ 50-51, dkt. #34. Instead, defendants argue that "Plaintiff's alleged facts are not

4

directly responsive to the [defendants' proposed finding of fact] and should be disregarded pursuant to [the court's summary judgment procedures]." Dfts.' Reply to Plt.'s Resp. to Dfts.' PFOF ¶¶ 45, dkt. #34. This is the same reply that defendants gave to a substantial portion of plaintiff's responses to defendants' 54 proposed findings of fact. Id. at ¶¶ 9-10, 12, 15, 17-18, 22, 30-35, 37-38, 40, 42-48, 50-54.

In the context of proposed findings of fact nos. 45 and 46, it is obvious that defendants' objection has no merit. Defendants alleged that plaintiff did not complain to them about not having his eyeglasses; in response, plaintiff cited testimony relying on his own personal knowledge that he did complain to defendants as well as sent letters to them about this issue. That is directly responsive to defendants' proposed finding of fact, which means that there is a genuine dispute of material fact that cannot be resolved on a motion for summary judgment. Kellar v. Summit Seating Inc., 664 F.3d 169, 175 (7th Cir. 2011) ("[E]vidence presented in a 'self-serving' affidavit or deposition is enough to thwart a summary judgment motion"; if that "testimony create[s] a factual dispute, . . . the court [i]s not free to resolve it in [one party's] favor."). Defendants should have conceded that issue expressly instead of relying on a boilerplate objection that clearly did not apply.

In their reply brief, defendants seem to concede implicitly that they cannot obtain summary judgment on the ground that defendants were not aware of plaintiff's problem because they omit any reference to that issue. Instead, defendants repeat their remaining argument, which is that they are entitled to qualified immunity. Under the doctrine of qualified immunity, public officials may not be sued for money damages for constitutional

violations unless they violated clearly established law. Stanton v. Sims, 134 S. Ct. 3, 4-5 (2013). The end of defendants' opening brief is devoted to this issue, but defendants' "argument" consists of nothing but five pages of boilerplate, followed by a conclusion that they are entitled to the defense. Their one-paragraph reply brief simply repeats that conclusion.

The Court of Appeals for the Seventh Circuit has stated that the merits of an Eighth Amendment claim and qualified immunity "effectively collapse into one" question in many circumstances. Walker v. Benjamin, 293 F.3d 1030, 1037 (7th Cir. 2002). Because the legal standard for an Eighth Amendment medical care claim has been clearly established for many years and the disputes raised in such claims largely are factual rather than legal, "[i]f there are genuine issues of fact concerning th[e] elements [of the claim], a defendant may not avoid trial on the grounds of qualified immunity." Id. See also Hayes v. Snyder, 546 F.3d 516, 528 (7th Cir. 2008) ("It has been established for decades that prison physicians violate inmates' constitutional rights when they deliberately disregard an inmate's serious medical condition, and only a trial can resolve the facts that are in dispute."). Defendants do not identify any reason for departing from that general rule in this case and they do not develop an argument that the various cases cited by the court in the screening order do not clearly establish that a denial of prescription eyeglasses may violate the Eighth Amendment. Accordingly, at this stage of the proceedings, I decline to dismiss plaintiff's claims against defendants on the ground that they are entitled to qualified immunity.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants William Swiekatowaski and Peter Ericksen, dkt. #18, is DENIED.

Entered this 22d day of January, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge