IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA
formerly known as DENNIS E. JONES-EL,

                 OPINION and ORDER

        Plaintiff,

                 13-cv-547-bbc

    v.

WILLIAM SWIEKATOWSKI and PETER ERICKSEN,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated January 22, 2015, dkt. #37, I denied the motion for summary judgment filed by defendants William Swiekatowski and Peter Ericksen on pro se plaintiff Mustafa-El K.A. Ajala's claim that, in 2007, defendants (a supervisory officer and the security director at the Green Bay Correctional Institution, where plaintiff was incarcerated at the time) withheld plaintiff's prescription glasses for a period of two months, in violation of the Eighth Amendment. Trial is scheduled for June 8, 2015.

Plaintiff has filed two new motions: (1) a motion for summary judgment, dkt. #43; and (2) a motion to reschedule the trial, dkt. #41. I am denying both motions.

I am denying plaintiff's motion for summary judgment for the obvious reason that plaintiff filed the motion more than three months after the November 24, 2014 deadline for filing dispositive motions. Dkt. #14. Plaintiff attempts to subvert that deadline by asking for summary judgment "pursuant to [Fed. R. Civ. P] 56(f)," but that rule allows *the court* to

1

enter summary judgment "independent" of a summary judgment motion under certain circumstances. The rule does not allow parties to file a motion in violation of the scheduling order.

Even if I were to consider the substance of plaintiff's motion, I would deny it because plaintiff has not proven any of the elements of his claim as a matter of law. He points out that defendants did not deny in their summary judgment materials many of the issues that plaintiff will have to prove at trial, but, as I stated in the summary judgment opinion, that simply means that plaintiff was not required to adduce evidence regarding those issues in response to defendants' motion. Cloe v. City of Indianapolis, 712 F.3d 1171, 1182 (7th Cir. 2013) ("As a general matter, if the moving party does not raise an issue in support of its motion for summary judgment, the nonmoving party is not required to present evidence on that point, and the district court should not rely on that ground in its decision."). Plaintiff cites no authority for the view that a party who fails to raise an issue at summary judgment has conceded that issue for the purpose of trial. Further, I concluded in the summary judgment opinion that the parties submitted conflicting declarations on the question whether defendants were aware that plaintiff needed his prescription glasses, so that issue is genuinely disputed. Plaintiff does not challenge that conclusion in his motion.

Alternatively, plaintiff asks the court to move the trial to April or May of this year. I am denying this motion because plaintiff does not identify any reason that the scheduled trial date is inconvenient for him.

ORDER

IT IS ORDERED that the motions filed by plaintiff Mustafa-El K.A. Ajala's, formerly known as Dennis E. Jones-El, for summary judgment, dkt. #40, and to reschedule the trial, dkt. #41, are DENIED.

Entered this 10th day of March, 2015.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge