IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA
formerly known as DENNIS E. JONES-EL,

                              Plaintiff,

       v.

WILLIAM SWIEKATOWSKI and PETER ERICKSEN,

                              Defendants.

ORDER

13-cv-547-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Mustafa-El K.A. Ajala is proceeding on a claim that defendants William Swiekatowski and Peter Ericksen deprived him of his prescription eyeglasses for a two-month period between February 2007 and April 2007.  Trial is scheduled for June 8, 2015.

Two matters are before the court.  First, defendants have filed a motion for reconsideration of the January 22, 2015 decision in which I concluded that defendants were not entitled to qualified immunity.  I am denying defendants' motion as untimely.  If defendants believed that the court's summary judgment decision was incorrect, they should have raised that argument sooner than four months after the court issued the decision. Although defendants rely on a new case, Padilla v. Ruck, No. 14-cv-98-jps (E.D. Wis. May 20, 2015), that case is not binding authority.  Defendants are free to reassert a qualified immunity defense in a motion for judgment as a matter of law under Fed. R. Civ. P. 50 if

they wish.

Second, the parties have filed a few motions in limine. In particular, the parties debate whether defendants may introduce evidence of convictions plaintiff has for armed robbery, felon possession of a firearm, possession of a short-barreled shotgun and conspiracy to commit perjury. Under Fed. R. Evid. 609, a party may use a witness's conviction to impeach his credibility if the conviction is punishable by imprisonment for more than one year or if the elements of the crime include a "dishonest act or false statement." In this case, plaintiff does not deny that each of the convictions falls into one or both of those two categories. Further, plaintiff does not argue that any of the convictions are inadmissible under Fed. R. Evid. 403, which would require plaintiff to show that the unfair prejudice caused by evidence of the convictions substantially outweighs the probative value of the convictions. Instead, he objects to the convictions on the ground that they are all at least 20 years old, citing Rule 609(b). Under that provision, the burden for admitting a conviction shifts to the proponent "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Plaintiff does not deny defendants' assertion that it has not been more than 10 years since he was released from prison on any of the convictions at issue, so Rule 609(b) does not support his position. Accordingly, I am granting defendants' motion to admit the convictions and denying plaintiff's motion to exclude them.

In addition, defendants have filed a motion to exclude evidence of other lawsuits or grievances against either of the defendants on the ground that such evidence would violate

Fed. R. Civ. P. 404(b).  In response, plaintiff says that he should be permitted to submit evidence of defendants' "responses to other complaints" because that tends to show that defendants' conduct was not a "mistake" or "inadvertence."  However, plaintiff does not explain *how* defendants' responses to other complaints could show defendants' intent.  Perhaps if plaintiff had evidence that defendants had a history of stating falsely that they were unaware of a prisoner's complaint about missing property, that would tend to rebut the defendants' testimony in this case that they were unaware that plaintiff did not have his prescription glasses.  However, plaintiff does not suggest that he has evidence like that, so simply allowing plaintiff to ask questions about defendants' responses to other complaints would not be probative of any relevant issue. Accordingly, I am granting defendants' motion to exclude this evidence.

Finally, plaintiff has filed a similar motion in which he asks to exclude evidence of his disciplinary records unless they are related to his claim in this case.  In particular, plaintiff points to defendants' Exhibit 504, which is a conduct report that plaintiff received for conspiring to incite a riot and commit a battery.  Defendants did not file a response to this motion, so I am granting it as unopposed.  Presumably, defendants wished to introduce the conduct report to explain that plaintiff's glasses were confiscated because all of plaintiff's personal property was confiscated after he received the conduct report.  For context, defendants may be permitted to explain that plaintiff's property was confiscated because he was placed in segregation, but I see no reason to introduce the conduct report itself or any other evidence regarding the particular charges in the report.

ORDER

IT IS ORDERED that

1. The motion for reconsideration filed by defendants William Swiekatowaski and Peter Ericksen, dkt. #63, is DENIED.

2. The motion filed by plaintiff Mustafa-El K.A. Ajala, formerly known as Dennis Jones-El, to exclude evidence of his prior convictions, dkt. #57, is DENIED and defendants' motion to admit evidence of plaintiff's convictions for armed robbery, felon possession of a firearm, possession of a short-barreled shotgun and conspiracy to commit perjury, dkt. #48, is GRANTED.

3. Defendants' motion to exclude evidence of other lawsuits and grievances against them, dkt. #48, is GRANTED.

4. Plaintiff's motion to exclude evidence of his disciplinary records, dkt. #57, is GRANTED, but defendants may explain in general terms why plaintiff's property was confiscated.

Entered this 2d day of June, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge